## MARIA A. WILSON, Respondent, v. D. M. COLEMAN, Appellant.

**St. Louis Court of Appeals, April 23, 1901.**

**Action on Account for Rent:** JURISDICTION OF COURT SUS-
TAINED. The suit being treated as an ordinary action on account,
begun before a justice, and prosecuted to judgment in the circuit
court, the parties appearing and taking part in the trial, gave that
tribunal jurisdiction of the person, and it having jurisdiction by law
of the subject-matter, its judgment rendered thereon was valid and
not open to collateral attack.

Appeal from Douglas Circuit Court.—*Hon. William N. Evans,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

Plaintiff brought an action against defendant before a jus-
tice of the peace in Douglas county for unpaid rent and dam-
ages in the sum of thirty-four dollars. Upon change of venue
at the instance of defendant, plaintiff filed an amended cause
of action setting out in substance, a written agreement under
which defendant was her tenant for one year at an annual ren-
tal of eighty-four dollars, payable quarterly, and asking to
recover twenty-one dollars thereof, due and unpaid on the six-
teenth day of June, 1899, and rent from the latter date at the
same rate. She further prayed for possession of the premises
and six dollars damages.

After a trial before the justice, the cause was appealed to

Wilson v. Coleman.

the circuit court, where defendant moved to dismiss the same for want of jurisdiction, which motion the circuit court overruled, and permitted plaintiff to amend her statement by interlining the words: "That all of such rents have been demanded of defendant." Thereupon the record shows the following entry of judgment, omitting caption:

"Now at this day this cause coming on for trial and both parties being present in person and by attorney, and each announce ready for trial, and the court sitting as a jury, after hearing the evidence both for plaintiff and defendant, doth find the issues for the plaintiff in the sum of forty-two dollars. It is therefore ordered and decreed by the court that the plaintiff do have and recover of and from the defendant herein, and his sureties on his appeal bond, the said sum of forty-two dollars and his costs in this behalf laid out and expended, and that execution issue therefor."

After the overruling of his motion for new trial and in arrest, defendant appealed from said judgment to this court, and assigns for error the want of jurisdiction of the subject-matter by the lower court.

*Thos. H. Musick* for appellant.

(1) The original statement filed by plaintiff was a simple account for rent ($28) and damages ($6), without any particularization whatever, and without verification. Upon this the summons issued and service was had. It is submitted that this states no cause of action, as there is nothing in it to identify the transaction so as to make it a bar to any other demand for rent and damages. Butts v. Phelps, 79 Mo. 302; Gregg v. Dunn, 38 Mo. App. 283; Webster v. Railroad, 57 Mo. App. 451; Brashears v. Strock, 46 Mo. 221; Razor v. Railroad, 73 Mo. 471; Swartz v. Nicholson, 65 Mo. App. 508. (2) And

even if the circuit court had power to permit amendment of statement to confer jurisdiction, still, the amendment made was not sufficient, as it does not state the amount due and sued for. R. S. 1899, sec. 4131; Vaughan v. Locke, 27 Mo. 290; Cook v. Decker, 63 Mo. 328. (3) The parties did not confer jurisdiction by appearance. McQuoid v. Lamb, 19 Mo. App. 153; Robinson v. Walker, 45 Mo. 117.

BOND, J.—We can not concur in the view that the trial court was without jurisdiction of the subject-matter of the suit. The respondent did not have judgment for restitution of the premises leased to appellant; she simply recovered for unpaid rent upon a statement of an account therefor, which was sufficiently definite to apprise appellant of the nature of her demand and to bar a second action therefor. It is true, the statement also contained averments unnecessary to one upon a mere account; but as the recovery was confined to the amount of her account against appellant, all the other allegations of the statement may be regarded as unnecessary and mere surplusage.

We have not overlooked the authorities cited by the learned counsel for appellant, touching upon actions brought by landlords to recover possession of demised premises under the procedure authorized by section 4131, Revised Statutes 1899; we simply hold that they are inapplicable to the judgment herein recovered for a mere sum of money. Treating it as an ordinary action for an account begun before a justice and prosecuted to judgment in the circuit court, the general appearance of the parties and their participancy in the trial in the circuit court, gave that tribunal jurisdiction of their persons, and being already possessed of jurisdiction to render judgment in ordinary suits for money, it was possessed of full jurisdiction in the matter and the judgment rendered is not open to

attack on grounds which would have been available if the court had been without jurisdiction of the subject-matter of the suit. The result is that the judgment herein is affirmed.    All concur.